**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **DAVID GLENN MORGAN** | § | |
| | § | |
| **vs.** | § | **CIVIL CASE NO. 6:26cv115-KNM** |
| | § | |
| **SCOTT WILLIAMS, et al.** | § | |
| | § | |

**MEMORANDUM OPINION**
**AND ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the above-styled lawsuit on March 2, 2026.  Plaintiff consented to proceed before a United States Magistrate Judge.  ECF 7.[1]

Plaintiff initiated this lawsuit against County Court at Law Judge Scott Williams, Jeana Jackson and Christopher Tinsley.  Without providing dates, the original complaint alleged that Judge Williams presided over a case Plaintiff is involved in and issued orders without conducting a hearing or reading his documents.  Plaintiff stated that Judge Williams refused to "have ex parte hearings" with him because he is not an attorney.  ECF 1 at 5.  Plaintiff complained that Jeana Jackson was named executor of the will at issue in the matter pending before Judge Williams and Christopher Tinsley, an attorney, acted with a conflict of interest.  *Id*. at 5–6.  Plaintiff alleged that Jeana Jackson stole money from the estate and did not make an accounting.  *Id*. at 6–7.  Plaintiff stated that he would like "all those that broke the law charged criminall[y] and arrested."  *Id*. at 8. He also asked the Court to "reverse the decision" of the state court.  *Id*. at 9.

---

[1] A magistrate judge is authorized to exercise jurisdiction when all served parties consent.  *Fast Track Sourcing FZ LLE v. J&L Shortt LLC*, 777 F.Supp.3d 708, 711 (N.D.Tex. Apr. 9, 2025).  "[U]nserved parties need not consent." *Id*. (quoting *Burrage v. Mississippi State Prison*, No. 4:22cv136-DAS, 2023 WL 4224820, at *2 (N.D.Miss. June 27, 2023)).  Defendants have not been served in this case.

1

The Court issued an order on March 2, 2026, identifying deficiencies in the original complaint.  ECF 3.  Plaintiff then filed an amended complaint.  ECF 6.  Plaintiff states that he is seeking the reversal of all of Judge Williams' decisions related to the estate at issue.  *Id*. at 9. Plaintiff asserts that Judge Williams discriminated against him because he is not an attorney, ruled against him, and "allowed Jeana Jackson to steal and remove everything from the estate."  *Id*. Plaintiff complains that Judge Williams should not have appointed Jackson as executor, and denied his requests to subpoena Mr. Tinsley's employees, bank statements and county records.  *Id*. at 10. Plaintiff alleges that Tinsley had a conflict of interest and should not have been permitted to appear in the case.  *Id*. at 11–12.  Plaintiff submits that "everything in case # 328-2024 CCL needs to be reversed."  *Id*. at 13.  He asks this court to "reverse everything the court at law did, remove Judge [Williams], counsel and Jackson, restore [his] inheritance [], order Jackson to return all assets, money, etc. to [the] estate to be properly handled according to the will."  *Id*. at 15.  Plaintiff states that he is seeking to appeal the county court at law's decision to this court.  ECF 6-2 at 2.

As with the original complaint, the amended complaint does not identify a cause of action that he is asserting against any defendant.  To the extent Plaintiff may be asserting a claim against Judge Williams pursuant to 42 U.S.C. § 1983, Plaintiff has not alleged facts sufficient to state a viable claim.  Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive.  *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (citing, *inter alia, Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 1105–07, 55 L.Ed.2d 331 (1978)). Judges enjoy absolute immunity as a result of the special nature of their responsibilities.  *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978).  The rationale for providing such absolute immunity from lawsuits stems from the fact that, without protection from retaliatory suits, a judge would lose the independence so necessary for the judiciary to be

respectable and useful.  *See Bradley v. Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1871).  A plaintiff must show that the actions complained of were non-judicial in nature or that the actions were taken in a complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).  A judge's acts are "judicial in nature" if they are normally performed by a judge and the parties dealt with the judge in his judicial capacity.  *Id*.

Here, Plaintiff has not alleged facts concerning Judge Williams showing actions that are non-judicial in nature.  Instead, Plaintiff complains solely about Judge Williams' judicial actions and decisions in his case.  These are actions normally performed by judges and Plaintiff's alleged interactions with Judge Williams were exclusively in his judicial capacity.  Plaintiff has not stated a claim sufficient to overcome judicial immunity against Judge Williams.

Plaintiff additionally seeks the reversal of a state court decision, which is not relief that is available to Plaintiff in a federal court.  Federal courts lack subject matter jurisdiction to review a final state court proceeding in the absence of a federal statute specifically permitting it to do so.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317 (1983).  No federal court, other than the Supreme Court, has the authority to review, modify, or nullify a state court judgment.  *Johnson v. DeGandy*, 512 U.S. 997, 1006–07, 114 S.Ct. 2647, 2654 (1994).  Plaintiff's claims are "inextricably intertwined" with the rulings made in state court.  *See Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1316, n. 16.  As a result, the federal courts may not have jurisdiction to consider these claims.  *See Chrissy F. by Medley v. Mississippi Dept. of Public Welfare*, 995 F.2d 595 (5th Cir. 1993).

Concerning Mr. Tinsley and Ms. Jackson, Plaintiff states that he seeks the revocation of Mr. Tinsley's law license and jail time for both Mr. Tinsley and Ms. Jackson.  Neither request for relief is available to Plaintiff in a federal civil lawsuit.  Plaintiff additionally has not identified a

3

viable private cause of action against either defendant under federal law.  Tinsley and Jackson are private citizens, as opposed to state actors, and cannot be sued be sued pursuant to 42 U.S.C. § 1983.  *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980).

In sum, despite being given the opportunity to address the deficiencies in the amended complaint, Plaintiff still has not stated a claim against any defendant upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  It is therefore

**ORDERED** that the complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

So ORDERED and SIGNED this 6th day of April, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE